**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KATIE YORK**, | Case No. 3:18-cv-01750 |
| Plaintiff, | **COMPLAINT** |
| v. | Unlawful Collection Practices |
| **SRA ASSOCIATES LLC**, | Demand for Jury Trial |
| Defendant. | |

**COMPLAINT** – Page 1 of 6

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, is a federal consumer protection law. Venue is proper under 28 U.S.C. § 1391 because defendant attempted to collect debt from plaintiff while they resided in Washington County, Oregon.

2.

Plaintiff is an individual living in Oregon and a "consumer" protected by the FDCPA because they allegedly owed defaulted debt incurred for personal purposes to creditor Toyota Motor Credit Corporation (TMCC) arising out of the lease of a family vehicle.

3.

Defendant is a "debt collector" as that term is defined in the FDCPA because it regularly collects defaulted debts owed to, and on behalf of, others, including TMCC in this case, using the United States Postal Service, and the principal purpose of defendant's business is the collection of delinquent debts owed to others. Defendant represented to plaintiff in its communications that it is a debt collector and defendant is registered as a collection agency with the Oregon Division of Financial Regulation, license number 48671.

4.

**FACTUAL ALLEGATIONS**

This complaint's allegations are based on personal knowledge as to plaintiff's behavior and made on information and belief as to the behavior of others.

5.

In or around September 2018, defendant began repeatedly communicating with plaintiff in an attempt and as a means to collect defaulted debt she allegedly owed to TMCC. Without plaintiff's prior consent, in connection with the collection of the TMCC debt, defendant harassed plaintiff with collection communications at times defendant knew and should have known to be inconvenient to plaintiff, defendant unfairly refused to acknowledge that plaintiff was represented by an attorney, and despite having knowledge of, and being able to readily ascertain the name and address of plaintiff's attorney, repeatedly communicated and attempted to communicate with plaintiff. Defendant harassed plaintiff by repeatedly calling plaintiff and intentionally hanging up on her, the natural consequence of which was to harass, oppress, and abuse plaintiff in connection with the collection of the alleged TMCC debt.

6.

As an unfair means to attempt to collect the TMCC debt from plaintiff, defendant falsely represented to plaintiff that they owed an amount in excess of what was allowed by law, and unfairly attempted to collect an amount from plaintiff in excess of what they owed. By adopting the FDCPA, Congress elevated the rights of consumers such as plaintiff to be completely free from a debt collector's unlawful collection practices. The invasion of that right by defendant is a concrete injury in fact for which this Court may provide relief. Defendant's abusive, false, deceptive, and misleading communications and unfair and unconscionable tactics that were not permitted by law presented an actual material risk of harm – including that as a result of defendant's violation of the FDCPA as alleged in this complaint, plaintiff would pay debt that defendant was not entitled to collect, and because of unlawful collection practices defendant was not permitted to engage in. As a direct result of defendant's FDCPA violation as alleged in this complaint, plaintiff suffered severe ongoing emotional harm including and not limited to stress, anxiety, frustration, and confusion.

7.

## CLAIM FOR RELIEF

### 15 U.S.C. § 1692k

As alleged in this complaint, defendant failed to comply with the FDCPA, including 15 U.S.C. §§ 1692c, d, e, and f, causing injury to plaintiff. Under 15 U.S.C. § 1692k, plaintiff is entitled to judgment against defendant for actual damages in an amount to be decided by the jury, maximum statutory damages, costs of the action, together with a reasonable attorney's fee.

8.

Demand for jury trial.

9.

## PRAYER FOR RELIEF

Plaintiff seeks relief as follows:

**A.** An order and judgment that defendant violated the FDCPA,

**B.** Judgment for plaintiff against defendant for actual damages, statutory damages, costs, a reasonable attorney's fee, pre-judgment and post-judgment interest, and

**C.** For any other relief this Court may determine is fair and proper.

October 1, 2018

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**COMPLAINT** – Page 6 of 6